MICHAEL G. PEDHIRNEY, Bar No. 233164
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
mpedhirney@littler.com

JOHN H. ADAMS, JR., Bar No. 253341
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
jhadams@littler.com

Attorneys for Defendant
ADAMS AND ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA SHANNON,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO JOB CORPS CENTER, ADAMS & ASSOCIATES, INC., and DOES 1 – 50 inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**<br><br>[DIVERSITY JURISDICTION] |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Adams and Associates, Inc.[1] ("Defendant" or "Adams"), removes to this Court the state court action described herein.  Defendant removes the captioned action from the Superior Court of the State California for the County of Sacramento.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendant states:

## I. STATEMENT OF JURISDICTION.

1. This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because Plaintiff Erika Shannon ("Plaintiff") is a citizen of the State of California, and Defendant is a Nevada corporation with its principal place of business in the State of Nevada.  The amount in controversy in this action exceeds $75,000.00.

## II. PROCEDURAL HISTORY.

2. On or about August 21, 2019, Plaintiff filed a Complaint for Damages ("Complaint" or "Compl.") against Defendant and various Doe defendants in the Superior Court of the State of California, Sacramento County, styled *Erika Shannon v. Sacramento Job Corps Center, Adams Associates, Inc., and Does 1-50 inclusive*, and designated Case No. 34-2019-00263179 ("State Court Action").

3. Plaintiff improperly names the "Sacramento Job Corps Center," as a Defendant in the State Court Action.  No legal entity called the "Sacramento Job Corps Center" exists. At all material times, the "Sacramento Job Corps Center" has been merely a physical location where work has been performed by contractors retained to perform services on behalf of the United States Department of Labor.

4. Plaintiff's Complaint alleges the following causes of action under the California Fair Employment and Housing Act ("FEHA"): (1) gender and pregnancy discrimination;

---

[1] In the caption and in her Complaint, Plaintiff improperly identifies Defendant Adams and Associates, Inc. as "Adams Associates, Inc."

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

(2) harassment; (3) retaliation; and (4) failure to prevent harassment/discrimination/retaliation. Compl., ¶¶ 13-30.

5. On April 28, 2020, Defendant received by mail the following documents: (1) the Summons and Complaint; (2) Civil Case Cover Sheet; and (3) Notice of Case Management Conference. True and correct copies of these documents are attached hereto as Exhibit A.

6. Defendant timely filed its Answer to Plaintiff's Complaint ("Answer") on May 27, 2020. A true and correct copy of the Answer is attached hereto as Exhibit B.

7. Exhibits A and B constitute all process, pleadings, and orders in the State Court Action served on Defendant or filed by Defendant.

## III. TIMELINESS OF REMOVAL.

8. This Notice of Removal is timely filed within thirty (30) days after the receipt of the Complaint by Defendant, as required by 29 U.S.C. § 1446(b).

9. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on August 21, 2019.

## IV. DIVERSITY JURISDICTION

10. The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

11. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship

12. In her Complaint, Plaintiff alleges that she is "an adult resident of the County of Sacramento, California." *See* Exhibit A, Compl., ¶ 1. Plaintiff, therefore, is a citizen of the State

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

2.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

13. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a privately held Nevada corporation. Defendant has its corporate headquarters and principal place of business located in the State of Nevada. 28 U.S.C. §1441(b). Accordingly, Defendant was not a citizen of the State of California at the time the State Court Action was filed and is not a citizen of the State of California now.

14. Plaintiff's Complaint also names as Defendants "Does 1- 50." Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### B. Amount in Controversy

15. If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996*), amended by, rehearing en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Defense counsel's testimony itemizing the bases for plaintiff's damages claims is sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 160-161 (6th Cir. 1993), *abrogated on other grounds by* 559 U.S. 77 (2010).

16. Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for

3.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1  punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142
2  F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in
3  controversy where potentially recoverable by statute).  The Court may examine the nature of the
4  action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See,*
5  *e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that
6  attorneys' fees in individual employment discrimination cases often exceed damages).  Furthermore,
7  such fees are calculable beyond the time of removal. *Id.*

8        17.    The amount in controversy exceeds the minimum required to invoke diversity
9  jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C.
10 § 1332.

11       a)    Plaintiff seeks, *inter alia*, the following relief from Defendant: general,
12 special, and exemplary damages, including lost wages, salary, benefits and certain other incidental
13 and consequential expenses and damages, punitive damages, injunctive relief, and reasonable
14 attorneys' fees. *See* Exhibit A, Compl. ¶¶ 16-17, 21-22, 27-28, 32-33, and Prayer For Relief (pp.10-
15 11).

16       b)    Adams was contracted by the Department of Labor ("DOL") as a
17 subcontractor to McConnell Jones Lanier & Murphy LLP ("MJLM"), to run the Sacramento Job
18 Corps Center (the "Center") during the time period April 2014 through November 2017. *See*
19 Declaration of Tiffany Pagni ("Pagni Decl."), ¶ 3. On or about April 18, 2014, Adams hired Ms.
20 Shannon as a Residential Advisor at the Center. *Id.*, ¶ 4. During her employment at the Center,
21 Shannon was employed solely by Adams. *Id*. In November 2017, when Defendant's and MJLM's
22 contract with the DOL ended (and Shannon's employment with Adams also ended), Shannon was
23 receiving an hourly rate of pay of $15.30, the equivalent of $31,824 for a year of full-time work. *Id.*,
24 ¶ 5.  Based on annual earnings of $31,824.00, if Plaintiff were to prevail on her claims, she would
25 be entitled to lost earnings of approximately $79,560 from her date of termination through the
26 present.  This alone satisfies the amount in controversy requirement. Additionally, while Ms.
27 Shannon was employed by Adams, she received various benefits including medical insurance, dental
28 insurance, and vision insurance. *Id.*, ¶ 6.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

    c)  Plaintiff also seeks attorneys' fees. *See* Exhibit A, Compl., ¶¶ 16, 21, 27, 32 and Prayer For Relief (p. 11).  In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail on her claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).  In doing so, the Court consider the amount of attorneys' fees that will accrue until the entire matter is resolved. *Simmons*, 209 F. Supp. 2d at 1034-35.  Such fees may prove substantial, and whether in combination with Plaintiff's damages or by themselves clearly will exceed the jurisdictional minimums of the removal statute. *Id*.  Therefore Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount required for removal.

    d)  Plaintiff also seeks to recover punitive damages under California Civil Code § 3294.  *See* Exhibit A, Compl., ¶¶ 17, 22, 28, and 33.  The potential punitive damage award against a defendant such as Adams & Associates satisfies the amount in controversy.  California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code §3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and defendant's net worth.  *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994).  Punitive damages are included in calculating the amount in controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).  In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334.  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum. Plaintiff's statement satisfies the jurisdictional prerequisite for amount in controversy. *See Aucina*,

5.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  871 F. Supp. at 334 (noting that in addition to punitive damages, plaintiff also sought damages for
2  lost wages, lost benefits and mental anguish).

3        e)    Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in
4  that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is
5  a civil action between citizens of different states. As such, the United States District Court for the
6  Eastern District of California has original jurisdiction over this matter and removal is authorized
7  under 28 U.S.C. §1441(b).

8  **V.  VENUE**

9  17.  Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections
10 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of
11 California, County of Sacramento. Actions arising in Sacramento County shall be commenced in the
12 Sacramento Division of the Eastern District. Eastern District Local Rule 120(d).

13 **VII.  NOTICE OF REMOVAL**

14 18.  Contemporaneously with the filing of this Notice of Removal in the United
15 States District Court for the Eastern District of California, written notice of such filing will be given
16 by the undersigned to Plaintiff's counsel of record, Mark P. Velez and Natalya V. Grunwald of The
17 Velez Law Firm. In addition, a copy of this Notice of Removal will be filed with the Clerk of the
18 Superior Court of the State of California, County of Sacramento.

19 WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of
20 the State of California, County of Sacramento, to the United States District Court for the Eastern
21 District of California.

23 Dated: May 28, 2020

24     */s/ John H. Adams, Jr.*
25     MICHAEL G. PEDHIRNEY
    JOHN H. ADAMS, JR.
26     LITTLER MENDELSON, P.C.
    Attorneys for Defendant
27     ADAMS & ASSOCIATES, INC.

4828-3183-5325.1 093167.1008

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

6.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT