# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Sacramento Job Corps Center, Adams Associates, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Erika Shannon

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
08/21/2019
amocanu
By_____, Deputy
Case Number:
34-2019-00262179

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, Sacramento
720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Natalya V. Grunwald  The Velez Law Firm, PC 3010 Lava Ridge Ct., Ste. 120, Roseville, CA 95661

DATE: **AUG 21 2019**
*(Fecha)*

Clerk, by A. MOCANU, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (SBN265084)
**THE VELEZ LAW FIRM**
3010 Lava Ridge Court, Suite 120
Roseville, CA 95661
Telephone: (916) 774 – 2720
Facsimile: (916) 774 – 2730

Attorneys for Plaintiff ERIKA SHANNON

FILED
Superior Court Of California,
Sacramento
08/21/2019
amocanu
By_____, Deputy
Case Number:
34-2019-00263179

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| ERIKA SHANNON, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | |
| SACRAMENTO JOB CORPS CENTER, ADAMS ASSOCIATES, INC., and DOES 1-50 inclusive, | 1. Breach of Gov. Code §12900 et seq., Gender Discrimination;<br>2. Breach of Gov. Code §12900 et seq., Harassment;<br>3. Breach of Gov. Code §12900 et seq., FEHA Retaliation;<br>4. Breach of Gov. Code §12900 et seq., Failure to Prevent Harassment/Discrimination/Retaliation |
| Defendants | |
| | **JURY DEMANDED** |

PLAINTIFF'S COMPLAINT FOR DAMAGES - 1

Plaintiff ERIKA SHANNON states her Complaint against Defendants SACRAMENTO JOB CORPS CENTER, ADAMS ASSOCIATES, INC., A California Corporation, and Does 1 through 50, as follows:

## PARTIES

1. Plaintiff ERIKA SHANNON (hereinafter Plaintiff "SHANNON"), is an individual, and a resident of Sacramento, Sacramento County, in the State of California.

2. Defendants SACRAMENTO JOB CORPS CENTER, ADAMS ASSOCIATES, INC (hereinafter "Defendants JOB CORPS"), is and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, and doing business in the County of Sacramento, State of California. Defendant JOB CORPS, is a non-profit entity assisting indigent community members with various services in California. Plaintiff brings this action against both entities on a joint employer theory.

3. Defendants JOB CORPS was at all times herein relevant, Plaintiff's "employer" as that term is defined in the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900 et. seq. Defendants JOB CORPS had actual and constructive notice of the wrongful conduct, harassment, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct. Venue is proper in Sacramento County because Defendant JOB CORPS main office and headquarters in located in Sacramento, California, wherein it maintains its employees' employment files.

4. The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained. DOES 1 through 50 are residents of the State of California and/or are authorized to do business in the State of California and/or have their principal place of business in the State of California. Plaintiff is informed and believes, and on that basis alleges, that each of the

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 2

defendants named herein as a DOE was, in some manner, responsible for the injuries and losses suffered by Plaintiff.

5. At all times herein mentioned, each of the defendants were the actual and apparent agents, servants, and employees of each of the remaining defendants and, in doing the things herein after alleged, each was acting within the course and scope of his/her actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants.

## GENERAL ALLEGATIONS

6. At all times herein relevant, Defendants JOB CORPS owed Plaintiff SHANNON a duty to take all reasonable action to provide Plaintiff SHANNON with a workplace free from unlawful discrimination, harassment, and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants JOB CORPS owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 3

adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions that have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

7. Defendants JOB CORPS breached the above-mentioned duties in that, at all times herein relevant, Defendants acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace. Defendants failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation. Defendants failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendants responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

8. At all times herein mentioned, each of the defendants was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein after alleged were acting within the course and scope of their actual and apparent agency

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 4

and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants.

9. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

## FACTUAL ALLEGATIONS

10. Plaintiff SHANNON is a 31 year old female who began working at Defendants JOB CORPS in about April 15, 2015 as a team counselor. In about 2016 Plaintiff was sexually harassed by her supervisor, Keena Dominique. Plaintiff reported the sexual harassment to Defendants. However, nothing was done based upon her report. In about mid-2017, Plaintiff became pregnant. Plaintiff's due date was about mid-October 2017. However, due to pregnancy complications, Plaintiff submitted a doctor approved medical leave from July 2017 to after the birth of her child.

11. In response to Plaintiff's medical leave, Defendants JOB CORPS sent plaintiff a letter in about early August 2017, informing her that she was being let go and that she should go on unemployment or reapply after the birth of her child. Plaintiff was officially fired by Defendants on November 6, 2017. Shortly after the birth of her child, plaintiff's supervisor, Keena Dominique harassed plaintiff. Keena would state to plaintiff, "Is your baby's daddy super Black?" "Don't feed your baby fried chicken." "Are you going to give your baby hair weaves?" "I hope your baby has all of its fingers and toes."

12. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing (DFEH"), in full compliance with the FEHA and has received a "right-to-sue" letter.

## FIRST CAUSE OF ACTION
**Breach of Cal. Govt. Code §12940; Gender Discrimination/and in the form of Pregnancy Discrimination**
**(Against Defendants JOB CORPS, ADAMS ASSOCIATES, INC.)**

13. Plaintiff incorporates by reference the allegations set forth above and below.

14. Defendants and each of them have breached their statutory and self-imposed duties owed

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 5

to Plaintiff as a result of Defendant's representation, policies and procedures, and under California law, including Section, 12940 et. seq., of the California Government Code by: (1) ratifying and tacitly approving gender discrimination; and (2) not disciplining Defendant's employee Dominique as specified herein, adequately upon learning of his sexual harassment against Plaintiff based on her gender. Defendants JOB CORPS also engaged in Gender Discrimination against Plaintiff in the form of pregnancy discrimination by terminating plaintiff due to her pregnancy.

15. Plaintiff is a member of a class entitled to protection under the California Fair Employment and Housing Act and has obtained a "Right to Sue" letter.

16. As a result of the conduct of Defendants and each of them and defendants' breach of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court. Plaintiff is entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

17. Plaintiff is informed, believe and thereon allege that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless, and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 6

## SECOND CAUSE OF ACTION
**Breach of Cal. Govt. Code §12900 et seq., Harassment**
**(Against All Defendants)**

18. Plaintiff incorporates by reference the allegations set forth above and below.

19. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12940 of the California Government Code. At all times, Government Code Section 12900, 12940, 12940 (j) including 12940 (j), 12940(k)(4) and 12926, et seq., was in full force and effect and binding upon defendants. These sections provide that no employer shall harass an employee because of his or her "gender" a "physical disability" or "medical condition". As set forth above, Defendants harassed Plaintiff based on her gender and protected medical/physical condition. The harassment altered Plaintiff's work environment to that of a hostile work environment. Further, the harassment was sufficiently severe and/or pervasive. Additionally, Defendants employers engaged in pregnancy gender harassment against Plaintiff.

20. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

21. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendant's breach to retain a law firm to enforce her rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

22. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 7

fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiffs and entitle them to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Breach of Cal. Govt. Code §12926 et seq., Retaliation**
**(Against Defendants JOB CORPS, ADAMS ASSOCIATES, INC.)**

23. Plaintiff incorporates by reference the allegations set forth above and below.

24. Defendants and each of them have breached their statutory and self-imposed duties owed to Plaintiff as a result of Defendants' representations, policies and procedures, and under California law, including Section 12940(f), et. seq., of the California Government Code by: (1) ratifying and tacitly approving Defendants' supervisor Dominique harassment; and (2) allowing Plaintiff to be harassed without an investigation into her complaints, and (3), not providing Plaintiff a reasonable physical condition accommodation and keeping her from receiving hours to gain an income. Defendants knew or should have known of the wrongful employment conduct on the part of Defendants' supervisor Dominique and failed to take immediate and appropriate corrective action.

25. Defendants JOB CORPS also engaged in retaliation against Plaintiff due to her pregnancy by tacitly denying her the medical restrictions imposed upon her by her medical providers. Furthermore, Defendants JOB CORPS further retaliated against Plaintiff due to her participation in protected activity, including, but with our limitation, opposing sexual harassment and race harassment.

26. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 8

1  Housing Act, and has obtained a "Right to Sue" letter.

2  27.  As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendants' breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

28.  Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**Breach of Cal. Govt. Code §12940(k): Failure to Take Reasonable Steps to Prevent Harassment/Discrimination/Retaliation**
**(Against Defendants JOB CORPS, ADAMS ASSOCIATES, INC.)**

29.  Plaintiff incorporates by reference the allegations set forth above and below.

30.  Defendants and each of them have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Section 12940(k) of the California Government Code. At all times, Government Code Section 12940 (k) was in full force and effect and binding upon

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 9

defendants. This section provides that it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination or harassment from occurring."

31. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

32. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

33. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

a. For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

b. For exemplary damages in an amount necessary to punish defendants and to deter such

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 10

1. conduct in the future, according to proof;
2. c. For reasonable attorney's fees under the any applicable statute, including the private attorney statute, the Labor Code, including costs and expenses of litigation, according to proof;
3. d. For pre-judgment and post-judgment interest;
4. e. For Injunctive relief to abate the illegal practices plead herein, including all reasonable attorney's fees under the holding of Harris v. City of Santa Monica, (2013) 56 Cal.4th 203;
5. f. For economic damages;
6. g. For non-economic damages;
7. h. For such other and further relief as the Court may deem proper.

DATED: August 15, 2019

Respectfully Submitted,

THE VELEZ LAW FIRM

*/s/ Mark P. Velez/*

By: Mark P. Velez, Esq.
Natalya V. Grunwald, Esq.
Attorneys for Plaintiff
ERIKA SHANNON

### JURY DEMAND

Plaintiff ERIKA SHANNON hereby demands trial by jury.

DATED: August 15, 2019

Respectfully Submitted,

THE VELEZ LAW FIRM

*/s/ Mark P. Velez/*

By: Mark P. Velez, Esq.
Natalya V. Grunwald, Esq.
Attorneys for Plaintiff
LAUREN TOMLINSON

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct
Suite 120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES - 11

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | | FOR COURT USE ONLY | CM-010 |
|---|---|---|---|---|

Mark P. Velez (SBN 163484) Natalya V. Grunwald (SBN 265084)
THE VELEZ LAW FIRM, PC
3010 Lava Ridge Court, Ste. 120
Roseville, CA 95661
TELEPHONE NO.: (916) 774-2720   FAX NO.:
ATTORNEY FOR (Name): Plaintiff, Erika Shannon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME:

CASE NAME:
Shannon v. Sacramento Job Corps Center, Adams Associates, Inc.

**FILED**
Superior Court Of California,
Sacramento
08/21/2019
amocanu
By _____, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 34-2019-00263179 JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ✔ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.✔ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.✔ punitive
4. Number of causes of action (specify): Four (4)
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 16, 2019
Natalya V. Grunwald
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Page 1 of 2
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | FOR COURT USE ONLY |
| SHORT TITLE: Shannon vs. Sacramento Job Corps Center Adams Associate | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2019-00263179-CU-OE-GDS |

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 02/20/2020 in Department 23 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed In Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/21/2019

*Kevin E. Culhane*

Kevin Culhane, Judge of the Superior Court