# EXHIBIT B

1  MICHAEL G. PEDHIRNEY, Bar No. 233164
   mpedhirney@littler.com
2  LITTLER MENDELSON, P.C.
   333 Bush Street
3  34th Floor
   San Francisco, CA  94104
4  Telephone:    415.433.1940

5  JOHN H. ADAMS, JR., Bar No. 253341
   jhadams@littler.com
6  LITTLER MENDELSON, P.C.
   500 Capitol Mall
7  Suite 2000
   Sacramento, CA  95814
8  Telephone:    916.830.7200

9  Attorneys for Defendant
   ADAMS AND ASSOCIATES, INC.
10

11                SUPERIOR COURT OF CALIFORNIA

12                    COUNTY OF SACRAMENTO

13 | ERIKA SHANNON,                              | Case No.  34-2019-00263179
14 |            Plaintiff,                       | **DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT**
15 |       v.                                    |
16 | SACRAMENTO JOB CORPS CENTER, ADAMS & ASSOCIATES, INC., and
17 | DOES 1 - 50 inclusive,                      | Complaint Filed:  August 21, 2019
18 |            Defendants.                      |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

Defendant ADAMS AND ASSOCIATES, INC. ("Defendant"), on behalf of itself and no other Defendant, hereby answers the Complaint of Plaintiff ERIKA SHANNON ("Plaintiff") pursuant to section 431.30(d) of the Code of Civil Procedure as follows:

## GENERAL DENIAL

Defendant denies each and every, all and singular, of the allegations contained in Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to mitigate her alleged damages.

## THIRD AFFIRMATIVE DEFENSE

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, to the extent that there is any claim for special damages, Plaintiff has failed to state her claim(s) with sufficient specificity.

## FOURTH AFFIRMATIVE DEFENSE

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is uncertain.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.
DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including Government Code sections 12960 and 12965(b), Code of Civil Procedure sections 335.1, 338 and 340.

**SIXTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is estopped from bringing any and all claims for relief against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has waived any and all actions against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has consented to any and all actions by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from bringing any and all claims against Defendant by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to exhaust her mandatory administrative remedies pursuant to Government Code sections 12960 and 12965.

**TWELFTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, insofar as Plaintiff alleges she suffered from any physical or emotional injury as a result of Defendant's conduct, her claims are preempted by the California Workers' Compensation statutes, including California Labor Code section 3601, *et seq.*, inasmuch as any compensable alleged injury to Plaintiff

occurred at a time when she was subject to California Workers' Compensation provisions; at the time of such alleged injury Plaintiff was performing services growing out of and incidental to her employment and was acting within the course and scope of her employment; the alleged injury was proximately caused by her employment; and Defendant was providing workers compensation coverage without any charge to the employees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims may be foreclosed and her damages may be limited by the after-acquired evidence doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that any requirement that permits the imposition of punitive or exemplary damages that are in effect criminal penalties, upon proof of a standard less than a standard "beyond a reasonable doubt," or that denies to Defendant the right given to Defendant in criminal proceedings, violates Defendant's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of California.

**FIFTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that the claims of Plaintiff are barred and/or mitigated by the doctrine of avoidable consequences established by *State Dept. of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003). Defendant took reasonable steps to prevent and correct workplace discrimination and retaliation, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to employees by Defendant, and reasonable use of Defendant's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

**SIXTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any recovery Plaintiff may be entitled to herein should be offset and/or reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith, breach of common law duties and violation of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

statutory duties, including any offset or deduction, with respect to Plaintiff's claimed damages and with respect to alleged damages caused by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that if Plaintiff is judged to be entitled to any recovery based on her Complaint, Defendant is entitled to a set-off for each of the following, respectively and separately:  damages paid to Plaintiff by order of a Court or by order of the California Workers' Compensation Appeals Board, on related claims, if any; monies paid to Plaintiff in settlement of related claims, if any; State Disability payments to Plaintiff for related claims, if any; federal social security benefits paid to Plaintiff for related reasons, if any; State unemployment compensation paid to Plaintiff for related reasons, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint cannot be maintained against Defendant because the Complaint fails to state facts sufficient to constitute a cause of action in that the exclusive remedy for Plaintiff's claims is the National Labor Relations Act, 29 U.S.C., § 151 et seq.; *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959).

**NINETEENTH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that assuming that Plaintiff made a request for reasonable accommodation, Plaintiff's requested accommodation imposes an undue hardship.

**TWENTIETH AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that employment of Plaintiff in the position in question would pose a direct threat.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint and claims therein, and this action, are subject to binding arbitration, pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related to her employment with Defendant, and this Court lacks jurisdiction to hear Plaintiff's claims.  Defendant will move to compel

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.

DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

Plaintiff to arbitration, and this action should be stayed during the arbitration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for the purposes of asserting such additional defenses.

### PRAYER

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by her Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice, with judgment entered against Plaintiff and in favor of Defendant;

3. That Plaintiff be ordered to pay Defendant's attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: May 27, 2020

MICHAEL G. PEDHIRNEY
JOHN H. ADAMS, JR.
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ADAMS AND ASSOCIATES, INC.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.
DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On May 27, 2020, I served the within document(s):

**DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT**

☐ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Sacramento, California**.

☐ **By Overnight Delivery.** I deposited a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ **By Personal Delivery.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By Electronic Service**. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.

DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT

MARK P. VELEZ, ESQ.
NATALYA V. GRUNWALD, ESQ.
THE VELEZ LAW FIRM
3010 Lava Ridge Court, Suite 120
Roseville, CA 95661
Telephone: (916) 774- 2720
Facsimile: (916) 774-2730

velezlaw@live.com

Attorneys for Plaintiff ERIKA SHANNON

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 27, 2020, at Sacramento, California.

*/s/ Laura Kahl*
LAURA KAHL

4845-3935-5579.3 093167.1008

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.
DEFENDANT ADAMS AND ASSOCIATES, INC.'S ANSWER TO PLAINTIFF ERIKA SHANNON'S COMPLAINT